Constantino **HERNANDEZ–HERNANDEZ,**
Petitioner,

v.

Eric H. **HOLDER, Jr., Attorney General, Respondent.**

No. 10–71837.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2012.*

Filed May 23, 2012.

Stephen John Coghlan, Esquire, Law Office of Stephen Coghlan, San Francisco, CA, for Petitioner.

OIL, Dara Smith, Trial, David V. Bernal, Assistant Director, Jennifer Paisner Williams, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

MEMORANDUM **

Constantino Hernandez–Hernandez, a native and citizen of Mexico, petitions for review of the Board of Immigration Ap-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

peals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, *Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir.2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying Hernandez–Hernandez's motion to reopen to submit evidence of his indigenous heritage because he failed to demonstrate that the evidence was previously unavailable, given that Hernandez–Hernandez was aware that he was indigenous at the time of his hearing. *See* 8 C.F.R. § 1003.2(c)(1); *Goel v. Gonzales*, 490 F.3d 735, 738 (9th Cir.2007) ("If [the new evidence] was available or capable of being discovered at [the time of the movant's hearing], it cannot provide a basis for reopening.").

The BIA also did not abuse its discretion in denying Hernandez–Hernandez's motion to reopen on the ground that the hardship evidence he submitted was insufficient to establish prima facie eligibility for cancellation of removal. *See Garcia*, 621 F.3d at 912 (prima facie eligibility is demonstrated by a showing that there is a reasonable likelihood that the statutory requirements for relief have been satisfied); *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational or contrary to law.").

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.